IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA  * <br> * <br> Plaintiff  * <br> * <br> v.  * <br> * <br> PABLO MARTINEZ-MEJIAS  * <br> * <br> Defendant  * <br> ********************************** | Criminal No. 03-222(SEC) |

**OPINION AND ORDER**

Before the Court is the U.S. Probation Office's Motion Notifying Supervised Release Violation and Requesting the Issuance of a Warrant and Supplement thereto (Dockets ## 57 & 67). The Court ordered the issuance of an arrest warrant (Docket # 58) and Defendant was brought before U.S. Magistrate-Judge Gustavo Gelpí for a Show Cause Hearing. The Magistrate held several Status Conferences (Dockets ## 65 & 69), the parties reached an agreement (Dockets ## 70 & 72) and, on September 13, 2005, Magistrate Gelpí issued his Report and Recommendation (Docket # 74). Magistrate Gelpí recommended that the parties' agreement, pursuant to which Defendant's electronic supervision would be extended by six (6) months and home search and seizure provisions added to the conditions of release, be approved by the Court. The Magistrate further recommended that said agreement be approved with the caveat that upon any further violations by Defendant, his supervised release would be revoked (Docket # 74). None of the parties have filed objections to the Magistrate's Report and the time allotted for doing so has expired. Therefore, the Court will **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation and will modify Defendant's conditions of release accordingly.

**Standard of Review**

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to

which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections,"'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

**Analysis and Conclusion**

Neither party has objected to the Magistrate Judge's Report and Recommendation, thus we are not required by law to review it. However, upon review, we find no fault with Magistrate Judge Gelpí's assessment and thus **APPROVE** and **ADOPT** his Report and Recommendation as our own. Consequently, Defendant's conditions of release are modified as follows: Defendant's electronic supervision is extended by six (6) months, home search and seizure provisions are added to the conditions of his release and any further violations will result in the revocation of Defendant's supervised release.

**SO ORDERED.**
In San Juan, Puerto Rico, this 12th day of October, 2005.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge